UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

DAVID MAIRENA BLANDON,

          Petitioner,

   v.

WILLIAM P. BARR, Attorney General of
the United States, et al.,

          Respondents.

_____

**DECISION AND ORDER**

6:18-CV-06941 EAW

## INTRODUCTION

*Pro se* petitioner David Mairena Blandon ("Petitioner"), a civil immigration detainee currently held at the Buffalo Federal Detention Facility in Batavia, New York, seeks a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner, who is detained pursuant to 8 U.S.C. § 1226(a), contends that he is entitled to release, or in the alternative, a bond hearing. (*Id.* at 8). For the reasons that follow, the Court denies Petitioner's request for immediate release, but finds that Petitioner is entitled to an individualized bond hearing at which the Government bears the burden of proving by clear and convincing evidence that Petitioner poses either a risk of flight or a danger to the community.

## BACKGROUND

**I.**    **Factual Background**

    Petitioner is a native and citizen of Nicaragua who entered the United States in or around 2002 without admission or inspection. (Dkt. 1 at 3; Dkt. 5-1 at ¶ 5). In April of

2013 Petitioner was arrested for manslaughter. (Dkt. 1 at 3). On September 30, 2013, the Department of Homeland Security ("DHS") encountered Petitioner at the Rikers Island Correctional Center and identified him as an alien amenable to removal from the United States. (Dkt. 5-1 at ¶ 7).

Petitioner's first trial resulted in a mistrial (Dkt. 1 at 3), but on July 24, 2015, Petitioner was convicted by a jury in New York State Supreme Court, Kings County of manslaughter in the first degree under New York Penal Law ("NYPL") § 125.20(1) and criminal possession of a weapon in the fourth degree under NYPL § 265.01. (Dkt. 5-1 at ¶ 6). He was sentenced to a term of imprisonment of five years for the manslaughter conviction, a term of imprisonment of one year for the weapon conviction, and a term of post-release parole supervision for two years and six months. (*Id.*).

On November 6, 2015, DHS issued Petitioner a Notice to Appear ("NTA") charging Petitioner with being removable under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. (*Id.* at ¶ 8). The New York State Supreme Court Appellate Division, Second Department affirmed Petitioner's criminal judgment on May 31, 2017. (*Id.* at 53-54). On June 28, 2017, the New York Court of Appeals acknowledged receipt of Petitioner's application for leave to appeal. (*Id.* at 52).

On July 14, 2017, Petitioner was taken into DHS custody after being released from the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). (*Id.* at ¶ 11). On December 6, 2017, an immigration judge ("IJ") found Petitioner removable as charged and ordered he be removed from the United States to Nicaragua, a decision Petitioner appealed to the Board of Immigration Appeals ("BIA").

(*Id.* at ¶ 12).  On February 9, 2018, Petitioner filed a motion for a bond hearing pursuant to *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), *judgment vacated*, 138 S. Ct. 1260 (2018). (*Id.* at ¶ 13).  The IJ denied Petitioner's request because he was detained pursuant to 8 U.S.C. § 1226(a), not § 1226(c), but found that Petitioner was eligible for a bond hearing pursuant to § 1226(a).  (*Id.* at 45-46).  On April 9, 2018, the BIA dismissed Petitioner's appeal of the removal order, and DHS issued a Warrant of Removal/Deportation for Petitioner on April 20, 2018.  (*Id.* at ¶ 16).

On May 7, 2018, the IJ held a bond hearing pursuant to § 1226(a), but determined that neither he nor the BIA had jurisdiction to set bond because Petitioner's case was administratively final.  (*Id.* at 36).  Petitioner did not appeal the IJ's bond decision to the BIA.  (*Id.* at ¶ 17).  Also on May 7, 2018, the Nicaraguan Consul General issued a travel document for Petitioner.  (*Id.* at ¶ 18).

Petitioner filed a motion to reopen with the BIA and requested a stay of removal. (*Id.* at ¶ 19).  The BIA granted the request for a stay on May 29, 2018 (*id.* at ¶ 20), but denied the motion to reopen on July 27, 2018 (*id.* at ¶ 21).  On August 20, 2018, Petitioner filed a petition for review and motion for a stay of removal with the Second Circuit (*id.* at ¶ 22), which the Government moved to dismiss on August 30, 2018 (*id.* at ¶ 23).  DHS issued decisions to continue Petitioner's detention on October 18, 2018, January 17, 2019, and April 10, 2019.  (*Id.* at 25-29).  On April 17, 2019, the Second Circuit deferred the Government's motion to dismiss and granted Petitioner's motion for a stay pending the resolution of Petitioner's criminal appeal.  *Mairena Blandon v. Barr*, No. 18-2438, Dkt. 47 (2d Cir. April 17, 2019).  Petitioner's state conviction is scheduled for oral argument before

the New York Court of Appeals on November 20, 2019.  *Mairena Blandon v. Barr*, No. 18-2438, Dkt. 61 (2d Cir. Oct. 21, 2019).

## II.   Procedural Background

Petitioner filed his Petition on December 26, 2018.  (Dkt. 1).  Respondents filed their response and memorandum in opposition on June 17, 2019. (Dkt. 5).  Petitioner filed a reply on July 3, 2019.  (Dkt. 6).

## DISCUSSION

## I.   Jurisdiction

The federal habeas corpus statute gives district courts jurisdiction to hear immigration-related detention cases.  *See* 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 517-18 (2003) (holding federal courts have jurisdiction to review challenges to pre-removal detention); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention" in immigration cases).  District courts do not have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal; jurisdiction to review such challenges rests exclusively in circuit courts.  *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . which circuit courts alone can consider.").

## II.    Substantive Due Process

Petitioner alleges that his prolonged detention has resulted in the violation of his right to substantive due process and requests that he be immediately released.  The Court denies the Petition on this ground for the reasons that follow.

"[A]liens . . . have a substantive due process right to be free of arbitrary confinement pending deportation proceedings." *Doherty v. Thornburgh*, 943 F.2d 204, 209 (1991).  "It is axiomatic, however, that an alien's right to be at liberty during the course of deportation proceedings is circumscribed by considerations of the national interest."  *Id.*   If the infringement on an alien's "liberty interest results from a proper exercise of discretion," then a prolonged detention "is not conduct that goes beyond the range of government activity permitted by the Constitution."  *Id.* at 211.  "[D]etention of an alien 'once removal is no longer reasonably foreseeable' . . . violates the Due Process Clause."  *Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003).  "[O]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

In the instant matter, Petitioner has failed to demonstrate that his removal is not reasonably foreseeable.  To the contrary, the Nicaraguan Consul General issued a travel document for Petitioner on May 7, 2018 (Dkt. 5-1 at ¶ 18), and Petitioner would be removed if he withdrew his petition for review presently before the Second Circuit. Petitioner "may not rely on the extra time resulting" from his appeal "to claim that his prolonged detention violates substantive due process." *Doherty*, 943 F.2d at 211; *see*

*Thompson v. Lynch*, No. 16-CV-6608 (CJS), 2017 WL 344970, at *7 (W.D.N.Y. Jan. 24, 2017) ("Unless and until the circuit court vacates the removal order or otherwise rules in petitioner's favor on the petition for review, petitioner remains a criminal alien subject to removal and subject to lawful mandatory detention in DHS custody under the authority of the INA."). Accordingly, the Court denies the portion of the Petition that rests on substantive due process grounds as well as Petitioner's associated request for immediate release.

## III.   Procedural Due Process

Petitioner also asserts that his procedural due process rights have been violated and requests a bond hearing. For the following reasons, the Court grants the Petition on this ground.

The Due Process Clause of the Fifth Amendment provides that the Government may not "deprive[]" any person "of life, liberty, or property, without due process of law." U.S. Const., amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. The guarantee of due process "applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Id.* at 693 (quotation omitted).

Here, Petitioner is detained pursuant to 8 U.S.C. § 1226(a). (Dkt. 5 at 14-15). That statutory provision "provides in pertinent part that 'an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.'" *Aparicio-Villatoro v. Barr*, No. 6:19-CV-06294-MAT, 2019 WL 3859013, at *4

- 6 -

(W.D.N.Y. Aug. 16, 2019) (quoting 8 U.S.C. § 1226(a)).  The statute further empowers the

Attorney General to release the detained individual on bond pending the determination of

his removal proceedings.  8 U.S.C. § 1226(a)(2).  Accordingly, DHS has promulgated

regulations setting forth the procedures by which an individual detained under § 1226(a)

may obtain release:

> [T]he respondent may, at any time before an order under 8 CFR part 1240
> becomes final, request amelioration of the conditions under which he or she
> may be released.  Prior to such final order . . . the immigration judge is
> authorized to exercise the authority in section 236 of the Act . . . to detain the
> alien in custody, release the alien, and determine the amount of bond, if any,
> under which the respondent may be released[.]

8 C.F.R. § 1236.1(d)(1).  In other words, "[t]he DHS district director makes the initial

custody determination; thereafter, the alien has the right to appeal an adverse decision to

an IJ, and then to the BIA." *Aparicio-Villatoro*, 2019 WL 3859013, at 4 (citing 8 C.F.R.

§§ 1003.19(a) & (f), 1236.1(d)(1) & (3))

In the instant matter, Petitioner never received a bond hearing pursuant to § 1226(a).

Petitioner's bond hearing took place after the BIA denied his appeal of the IJ's removal

decision, but before Petitioner filed his petition for review with the Second Circuit.  Section

1231 of the INA addresses detention of "immigrants in the 'removal period,' the term used

in the statute to describe the 90–day period following an order of removal during which

'the Attorney General shall remove the alien.'" *Id.* (quoting 8 U.S.C. § 1231(a)(1)(A)).

The removal period begins "on the latest of the following": (1) "[t]he date the order of

removal becomes administratively final"; (2) "[i]f the removal order is judicially reviewed

and if a court orders a stay of the removal of the alien, the date of the court's final order";

and (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  8 U.S.C. § 1231(a)(1)(B). Accordingly, Petitioner was detained pursuant to § 1231 when the bond hearing occurred, and the IJ did not have jurisdiction to make a bond determination, as was acknowledged at the bond hearing. (Dkt. 5-1 at 36).  However, Petitioner currently has a petition for review pending before the Second Circuit, and the Circuit has stayed his order of removal. *Mairena Blandon v. Barr*, No. 18-2438, Dkt. 47 (2d Cir. April 17, 2019).  In other words, Petitioner is currently detained pursuant to § 1226(a), not § 1231, and the IJ and BIA now have jurisdiction to consider his bond request. *Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003) ("[W]here a court issues a stay pending its review of an administrative removal order, the alien continues to be detained under § 236 until the court renders its decision.").

The Government argues that Petitioner has not requested a subsequent bond determination from an IJ since filing his petition for review, which the Government contends is a failure to exhaust Petitioner's administrative remedies. (Dkt. 5 at 20).  The Court is not persuaded by the Government's argument.

"There is no statutory requirement of administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus; however, such exhaustion is generally required as a prudential matter." *Paz Nativi v. Shanahan*, No. 16-CV-8496 (JPO), 2017 WL 281751, at *1-2 (S.D.N.Y. Jan. 23, 2017) (collecting cases). "Exhaustion of administrative remedies may not be required when: (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in

certain instances a plaintiff has raised a substantial constitutional question." *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 740 (2d Cir. 1992) (citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)); *see Compunnel Software Grp., Inc. v. Gupta*, No. 14 Civ. 4790(SAS), 2015 WL 1224298, at *4 (S.D.N.Y. Mar. 17, 2015) ("The exhaustion doctrine, however, is also subject to numerous exceptions.").

In the instant matter, the available administrative remedies provide no genuine opportunity for adequate relief because the burden of proof the IJ would use at a bond hearing in the absence of an order from this Court does not comply with due process. "While § 1226(a) is silent on the issues of which party bears the burden of proof at a custody redetermination hearing and the quantum of evidence necessary to satisfy that burden, *see* 8 U.S.C. § 1226(a), the BIA has interpreted § 1226(a) to place '[t]he burden on the alien to show to the satisfaction of the [IJ] that he or she merits release on bond.'" *Aparicio-Villatoro*, 2019 WL 3859013, at *7 (quoting *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006) (alteration omitted)). However, courts in this Circuit have overwhelmingly concluded that it is a violation of procedural due process to require an immigration detainee held under § 1226(a) to bear the burden at his bond hearing. *See, e.g., id.* at *7 ("As to the applicable burden of proof, most courts that have decided the issue have concluded that Government must supply clear and convincing evidence that the alien is a flight risk or danger to society."); *Velasco Lopez v. Decker*, No. 19-CV-2912 (ALC), 2019 WL 2655806, at *3 (S.D.N.Y. May 15, 2019) ("[E]very court to have considered the constitutional issue presented in this case has agreed . . . [that] under the Due Process Clause of the Fifth Amendment, it is the Government's burden to justify the detention of

an immigrant at a bond hearing under § 1226(a)"), *appeal filed*, No. 19-2284 (2d Cir. July 23, 2019); *Brevil v. Jones*, No. 17 CV 1529-LTS-GWG, 2018 WL 5993731, at *4 (S.D.N.Y. Nov. 14, 2018) ("The Court has reviewed and is persuaded by recent decisions within and outside of this district which hold that due process requires that the Government demonstrate dangerousness or risk of flight by a clear and convincing standard at an immigration detainee's bond hearing." (quotation and alteration omitted)). *But see Rasel v. Barr*, No. 19-CV-458 LJV, 2019 WL 4257408, at *6 (W.D.N.Y. Sept. 9, 2019) (finding that a bond hearing at which an immigration detainee bears the burden of proof is not "a facially invalid process").

This Court agrees with and is persuaded by the logic of the courts that have found a procedural due process violation under these circumstances, and "joins with these courts and concludes that the Fifth Amendment's Due Process Clause requires the Government to bear the burden of proving, by clear and convincing evidence, that detention is justified at a bond hearing under § 1226(a)." *Aparicio-Villatoro*, 2019 WL 3859013, at *7. Because an IJ would not apply the proper burden at a bond hearing absent an order of this Court, the Court finds that Petitioner is not required to exhaust his administrative remedies for this Court to grant his Petition, and that the Government must bear the burden at the bond hearing as described above.

## CONCLUSION

For the foregoing reasons, the Petition (Dkt. 1) is granted solely to the extent that the Court orders Respondents to afford Petitioner an individualized bond hearing consistent

with the procedures outlined in this Decision and Order within 14 days of its entry.  The

Clerk of Court is instructed to close this case.

      SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: October 28, 2019
       Rochester, New York